1  Christina J. O, #266845
2  Dane W. Exnowski, #281996
   MALCOLM ♦ CISNEROS, A Law Corporation
3  2112 Business Center Drive, Second Floor
   Irvine, California 92612
4  Phone: (949) 252-9400
5  Facsimile: (949) 252-1032
   christinao@mclaw.org
6  Attorneys for Movant

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 12-44417 |
| Nelson Antonio Martinez and Mercy Zamora, Jr., | RS No. CJO-220 |
| Debtors, | Chapter 13 |
| The Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1, by Caliber Home Loans, Inc., f/k/a Vericrest Financial, Inc., as its attorney in fact, and its successors and/or assignees, | **CALIBER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELIEF FROM STAY** |
| Movant, | **HEARING DATE:** |
| vs. | **DATE:** February 26, 2014 |
| Nelson Antonio Martinez and Mercy Zamora, Jr., Debtors, and Martha G. Bronitsky, Trustee, | **TIME:** 1:30 p.m. |
| | **CTRM:** 201 |
| Respondents. | |

**TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, THE DEBTORS' COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

       **PLEASE TAKE NOTICE** that Caliber Home Loans, Inc., f/k/a Vericrest Financial, Inc., as attorney in fact for The Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1 ("Caliber"), hereby files this Memorandum of Points and Authorities in support of its Motion

for Relief From The Automatic Stay (the "Motion") in the above-entitled and numbered Chapter 13 case.

## I.

## INTRODUCTORY STATEMENT

Caliber requests the Court to grant it relief from the automatic stay because the Debtors have failed to make post-petition payments.

## II.

## STATEMENT OF FACTS

1. **The Secured Debt.** On or about March 7, 2007, Nelson A. Martinez made and delivered a Promissory Note in the original principal amount of $476,000.00, secured by a First Priority Deed of Trust on the Property commonly known as 710 Bayview Court, El Sobrante, CA 94803 ("Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "1" and "2," respectively. Subsequently, a Modification Agreement was entered into, attached as Exhibit "6."

2. **The Default Under The Note**. The Note and Deed of Trust are post-petition due for the November 1, 2013 payment. As a result of the contractual default, a Notice of Default and Election To Sell was recorded against the Property on February 23, 2011.

3. **The Debtors' Interest In The Property.** The Debtors are the owners of record of the Property.

4. **The Filing Of The Instant Petition.** On or about May 22, 2012, Nelson Antonio Martinez and Mercy Zamora, Jr. filed the instant Chapter 13 Petition as Case No. 12-44417.

5. **The Post-Petition Delinquency.** The Debtors have failed to make post-petition payments that have come due. The total post-petition delinquency is set forth below:

| 3 | (11/01/2013- 01/01/2014) | Payments due at | $2,137.00 | $6,411.00 |
| | | Suspense Balance | | $-2,135.14 |
| | | | Total | $ 4,275.86 |

A post-petition ledger of all post-petition payments due and all post-petition payments received is attached as Exhibit "5."

6. **The Total Indebtedness Under The Note.** The total indebtedness owed to Caliber, exclusive of attorneys' fees, is as follows:

| | | |
|---|---|---|
| Principal Balance | | $446,831.48 |
| Interest Accrued to | 01/14/2014 | $17,498.35 |
| Escrow Advance | | $8,205.98 |
| Late Charges | | $2,619.07 |
| Other Fees Due | | $4,811.89 |
| Deferred amounts | | $66,047.16 |
| Grand Total | | $546,013.93 |

7. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECURED CREDITOR | LIEN AMOUNT |
|---|---|
| 1. Caliber | $ 546,013.93 |
| 2. Vericrest Financial, Inc., FKA The Citi Group/ | $ 113,892.00 |
| 3. Sales Financing, Inc | $14,982.00 |
| **TOTAL** | **$674,887.93** |

8. **The Value Of The Property.** By the Debtors own admission, the Property has a fair market value of only $250,000.00. True and correct copies of the Debtors' Schedules "A" and "D" are attached hereto as Exhibit "3." A true and correct copy of the Debtors Chapter 13 Plan is attached as Exhibit "4."

## III.
## THE AUTOMATIC STAY SHOULD BE TERMINATED
## BASED ON THE DEBTORS' FAILURE TO MAKE
## POST-PETITION PAYMENTS.

Ninth Circuit case law clearly sets forth the duty of a Chapter 13 Debtors to maintain post-petition contractual installment payments to secured lenders as a condition for eligibility for Chapter 13 relief. In In re Gavia, 24 B.R. 573 (Bankr. 9th Cir. 1982), the Bankruptcy Appellate Panel held that the Debtors who lack sufficient regular income to enable them to maintain current contractual installment payments as well as payments under a Chapter 13 Plan are ineligible for Chapter 13 relief.

In In re Ellis, 60 B.R. 432 (Bankr. 9th Cir. 1986), the Bankruptcy Appellate Panel held that post-confirmation defaults on payments to secured lenders constitutes cause for terminating the automatic stay under Section 362(d)(1), and that is the Debtors' burden to show that no cause exists.

As set forth in the Motion herein, and in the Declaration attached hereto, the stay should be terminated immediately based on the Debtors' failure to make the regular monthly post-petition payments in the instant case. See the Declaration attached hereto.

## IV.

## CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow Caliber to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

Dated: February 3, 2014        Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation


By: /s/ Christina J. O,
Christina J. O, Esq.
Attorney for Movant